■ MURIEL COHEN, Appellant, v. CARL I. COHEN, Respondent.— In 1954, in the Supreme Court, King's County, plaintiff, Muriel Cohen, obtained a judgment of separation against defendant. She was awarded custody of the two infant children of the parties, $25 a week alimony for herself, and $100 a week for the support of the children. By order of said court, dated October 18, 1956, the amount awarded for the support of the children was increased to $200 a week. On January 9, 1957, by a separation agreement between the parties, said support was reduced to $100 a week, with provision for a further payment of $25 weekly toward a trust fund for the college education of the two children. On January 15, 1957, a final decree of divorce became effective in an action instituted by plaintiff in Mexico, in which she appeared in person and in which defendant appeared by attorney. Neither party questions the validity of the divorce. The divorce decree incorporates by reference the separation agreement of January 9, 1957. There is no default under this agreement. On January 25, 1957, an order was entered in the Supreme Court, Kings County, on stipulation of the parties, vacating and setting aside the 1954 judgment of separation. Each of the parties has remarried, and each has issue of the remarriage. By an order to show cause dated April 26, 1960, served by mail upon defendant's attorney in the separation action, plaintiff moved in that action: (a) to set aside the said order dated January 25, 1957, and the stipulation upon which it was based, vacating the decree of separation; (b) to confirm the effectiveness of the order dated October 18, 1956, which amended the 1954 judgment of separation so as to increase the amount awarded for support of the two infant children from $100 to $200 a week; (c) to enter a judgment for the arrears of $100 a week from October 18, 1956, to date, in the payment of such support; or, in the alternative (d) to fix at $200 a week the amount to be paid by defendant for the children's support. Defendant, appearing specially, cross-moved to dismiss plaintiff's motion for lack of jurisdiction of the person or the subject matter. Plaintiff appeals from the order of the Supreme Court, Kings County, dated June 1, 1960, which: (1) denied her motion without prejudice to an application in the proper forum to review the needs of the infants for future support; and (2) granted defendant's cross motion to dismiss her motion. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.

■ DEGEN AND SCHOEN CO., INC., Respondent, v. ZEMACH DAVID DEVELOPMENT CORP., Appellant.— In an action to foreclose a mechanic's lien, defendant appeals from an order of the Supreme Court, Rockland County, dated April 19, 1960, granting plaintiff's motion to amend the summons and complaint so as to show that plaintiff is suing in a representative capacity, as trustee for named assignees, instead of in an individual capacity. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.